UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH MICHAEL STEVENS,

          Plaintiff,

vs.                                 Case No. 2:11-cv-697-FtM-99SPC

BRIAN BARRINGER, CHRISTOPHER AREY, M. FAULK, and DEPUTY NAYLOR,

          Defendants.
_____

**ORDER OF SPECIAL APPOINTMENT; SERVICE OF PROCESS UPON DEFENDANT; AND NOTICE TO PLAINTIFF**

The Court previously determined that *pro se* Plaintiff may proceed *in forma pauperis* in this case (Doc. # 8).

ACCORDINGLY, it is hereby **ORDERED**:

1. The **United States Marshal, within TEN (10) days**, shall serve a copy of the Civil Rights Complaint (Doc. #1) upon Defendants Brian Barringer, Christopher Arey, M. Faulk, and Deputy Naylor, **via mail service to the special appointee** as set forth below. All costs of service shall be advanced by the United States.

2. Pursuant to Fed. R. Civ. P. 4(c), **Mr. Barry R. Hillmyer, Attorney, Lee County Sheriff's Office Legal Division, 14750 Six Mile Cypress Parkway, Fort Myers, Florida 33912, is specially appointed** to serve process upon **Defendants Barringer, Arey, Faulk, and Naylor**. The Special Appointee shall complete and sign the attached Return of Service and return it to the Court as proof of service. The Defendant shall also sign the Return of Service as an acknowledgment of receipt of service.

3. Defendant shall have **NINETY (90) DAYS** from the date of service of process in which to answer or otherwise respond to the complaint.

4. Before counsel has appeared for Defendant, Plaintiff shall send to each Defendant a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for a Defendant, the copy shall be sent directly to counsel for said Defendant, rather than to that Defendant personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to a Defendant or counsel for a Defendant.

5. Plaintiff shall immediately advise the Court of any change of address by filing a document entitled "Notice of Change of Address". This notice shall contain <u>only</u> information pertaining to the address change and the effective date of such. Plaintiff must file a <u>separate</u> notice in each case that he has pending before the Court. Plaintiff shall not include any motions in the notice. Failure to inform the Court of an address change may result in the <u>dismissal</u> of this case, without further notice of the Court.

6. The parties shall insure that all transcripts, briefs, affidavits, and other documentary exhibits accompanying any pleadings submitted to the Court shall be individually marked for identification with appropriate tabs on the right-side of the documents. Composite exhibits should also be individually marked for identification with appropriate tabs. A table of contents or index (with a title, description, and date of each document) shall be included to aid the Court in the location of each exhibit. The Court will return any exhibits that do not comply with these requirements.

7. If the Defendant files a motion to dismiss, Plaintiff shall have **TWENTY-ONE (21)**

**DAYS** to file his response to the motion to dismiss. *Pro se* Plaintiff is now advised out of an abundance of caution that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

8. If the Defendant files a motion to dismiss that is supported by affidavits or other documents, the Court will construe the motion to dismiss as a motion for summary judgment, and Plaintiff **shall have TWENTY-ONE (21) DAYS** to file his response. In preparing a response to a motion to dismiss (construed as a motion for summary judgment), or a motion for summary judgment, Plaintiff should be aware of the provisions of Federal Rule of Civil Procedure 56.

Pursuant to Fed. R. Civ. P. 56, when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Rather, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will not be a trial, and the case will be terminated in this Court.

**DONE AND ORDERED** in Fort Myers, Florida, on this 5th day of April, 2012.

*SheriPolsterChappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**Stevens v. Barringer, et al., Case No. 2:11-cv-697-FtM-99SPC**

**RETURN OF SERVICE (RETURN TO COURT)**

I. I hereby acknowledge that service of process **was executed** by serving Defendant _____ _____ by giving him/her a true copy of the documents listed in the order directing service of process.

The following documents were also served on the above-named Defendant:

_____

DATE SERVED: _____  BY: _____

(Special Appointee)

As Defendant in this action, I hereby acknowledge receipt of service of process on my own behalf.

_____    _____
Defendant's Signature                                Defendant's Printed Name

II. I hereby acknowledge that service of process **cannot be executed** upon the Defendant for the following reason(s):

_____
_____

DATE OF ATTEMPTED SERVICE: _____
     BY: _____   (Special Appointee)

III. No forwarding address can be located for Defendant _____ or/ records reflect the following forwarding address for defendant

_____
_____
_____