UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


JOSEPH MICHAEL STEVENS,

      Plaintiff,

v.                                   CASE NO. 2:11-cv-697-UA-SPC

BRIAN BARRINGER, et al.,

      Defendants.

_____/


## ORDER

In December, 2011, Joseph Michael Stevens sued (Doc. 1) several officers
employed by the Sheriff of Lee County, Florida.  In April, 2012, Stevens amended
(Doc. 29) the complaint.  Akin to the original complaint, the amended complaint is
handwritten and offers an instructive example of a condemned and impermissible
"shotgun pleading."  *Cook v. Randolph County*, 573 F.3d 1143, 1151 (11th Cir. 2009);
*Byrne v. Neshat*, 261 F.3d 1075, 1128-32 (11th Cir. 2001); *Magluta v. Samples*, 256
F.3d 1282, 1284 (11th Cir 2001).

The first section of the amended complaint is a mere list of the defendants.
The second section of the amended complaint is a list comprising eleven succinct
entries, each of which identifies a putative claim or claims asserted (such as "4, 5, 6,
14 of the United States Constitution" and "Plaintiff's Right Against Involuntary

Servitude").  The third section of the amended complaint contains a narrative of the alleged events.  The fourth section contains an array of demands for compensation, including compensation for "discretionary damages," "punitive damages," "indeterminate damages," "cosmetic damages," both "future damages" and "prospective damages," and both "irreparable damages" and "non-pecuniary damages."  The amended complaint fails entirely to state which claim for relief is directed to which defendant, which allegations of fact support which claim for relief, and which claim for damages arises from which claim for relief.  In other words, the complaint is an undifferentiated and confusing mass, that is, a forbidden "shotgun pleading."

In July, 2012, the defendants moved (Doc. 34) for dismissal of the complaint on the ground, among others, that the pleading is a "shotgun pleading" and moved for summary judgment.  For four months, through November, 2012, Stevens failed to respond to the defendants' motion.  A December 5, 2012, order (Doc. 57) notifies Stevens that:

> On or before December 19, 2012, the plaintiff must respond to the defendants' motion for dismissal or summary judgment.  Although the plaintiff can oppose the motion for dismissal with only legal argument, to oppose the summary judgment the plaintiff must demonstrate, by pointing to matters in the factual record, that genuine and material factual issues exist and require a trial.  If no genuine and material issues exist, the defendants may be entitled as a matter of law to a summary judgment on each claim.  An affidavit or other sworn testimony of someone with knowledge of the facts is generally necessary to demonstrate a factual issue.  Mere unsworn claims by the plaintiff (or anyone else) are insufficient to demonstrate a factual issue.

FAILURE TO RESPOND PROPERLY AND EFFECTIVELY BY
DECEMBER 19 WILL RESULT IN A JUDGMENT FOR THE
DEFENDANTS WITHOUT FURTHER NOTICE.

The order similarly notifies Stevens that, although a person can appear *pro se*,

"[l]itigation in federal court is difficult," that "the court cannot assist a party . . . in

conducting a case," and that "[y]ou are strongly advised to obtain immediate legal

advice and assistance from a member of The Florida Bar."

On December 18, 2012, Stevens filed a paper (typed, but exclusively in capital

letters) entitled "Plaintiff's Objection to Dismissal" (Doc. 58), which is essentially

another tendentious narrative of the events alleged in the amended complaint.

Although fervent, Stevens's paper is not helpfully responsive to the legal and factual

and legal arguments advanced by the defendants.  Notwithstanding the explicit

warning in the December 5, 2012, order, Stevens includes no affidavit or other sworn

matter of record capable of creating an issue of material fact.

The Federal Rules of Civil Procedure, pertinent precedent, sound principles of

litigation management, and fairness to the opposing party almost uniformly

commend requiring a litigant to submit a complaint that is not a "shotgun pleading"

and that otherwise complies with the salutary rules of pleading.

Stevens's complaint is dismissed.  Stevens is permitted one more chance to

plead.  (1) Stevens must plead his complaint in separate claims for relief and include

no more than one claim for relief in each count of the second amended complaint.

(2) Stevens must state above each count in the form of a title or a heading the name

of one and only one claim for relief that the count alleges and whether the claim is based on federal law or based on state law.  (3) Stevens must separate or identify the facts that support each count from the facts that support another count or counts. (4) For each count Stevens must identify the defendant or defendants against whom that count states a claim.  (5) At the end of each claim, Stevens must state the relief to which, based on the claim, Stevens claims entitlement.

Stevens may not submit another paper unless the paper is double-spaced (this paper and the defendant's paper are double-spaced).  Stevens may not submit another paper typed in all capital letters; Stevens must use capital and small letters in the normal fashion (as in this paper and the defendant's papers).

Stevens should carefully read the defendant's motion to dismiss and for summary judgment, which provides much useful information about the claims for relief that Stevens attempts to state, several of which are unknown either to state or federal law.  A preliminary assessment of the amended complaint confirms that most or all of the arguments advanced by the defendants are correct, and all or most of Stevens's claims are subject to dismissal or summary judgment or both. Nonetheless, owing to the difficulty in the defendants' and the court's confidently identifying and interpreting the claims for relief, Stevens receives an additional opportunity to amend the complaint.

## CONCLUSION

The defendants' motion to dismiss (Doc. 34) is **GRANTED**, and the amended complaint (Doc. 29) is **DISMISSED**.  The plaintiff may amend the complaint on or before January 25, 2013.  Failure to amend timely or to comply in all respects with this order and the December 5, 2012, order (Doc. 57) may result in dismissal of this action without leave to amend.  The plaintiff is again reminded that he should promptly secure the advice and assistance of a member of The Florida Bar. Although "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), nothing requires a district court to expend valuable public resources attempting to decipher a "shotgun pleading."

ORDERED in Tampa, Florida, on January 2, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE